```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
NATIONAL CREDIT UNION ADMINISTRATION    :
BOARD, as Liquidating Agent of          :
Southwest Corporate Federal Credit      :   13 Civ. 6705 (DLC)
Union and Members United Corporate      :
Federal Credit Union,                   :
                                        :
                        Plaintiff,      :
            -v-                         :
                                        :        ORDER
MORGAN STANLEY & CO., INC. and MORGAN   :
STANLEY CAPITAL I INC.,                 :
                        Defendants.     :
                                        :
----------------------------------------:
                                        :
NATIONAL CREDIT UNION ADMINISTRATION    :
BOARD, as Liquidating Agent of          :   13 Civ. 6707 (DLC)
Southwest Corporate Federal Credit      :
Union and Members United Corporate      :
Federal Credit Union,                   :
                                        :
                        Plaintiff,      :
            -v-                         :
                                        :
BEAR, STEARNS & CO., INC., n/k/a J.P.   :
MORGAN SECURITIES, LLC, J.P. MORGAN     :
SECURITIES LLC, and J.P. MORGAN         :
ACCEPTANCE CORP. I,                     :
                        Defendants.     :
                                        :
----------------------------------------:
                                        :
NATIONAL CREDIT UNION ADMINISTRATION    :
BOARD, as Liquidating Agent of          :
Southwest Corporate Federal Credit      :   13 Civ. 6719 (DLC)
Union and Members United Corporate      :
Federal Credit Union,                   :
                        Plaintiff,      :
            -v-                         :
                                        :
WACHOVIA CAPITAL MARKETS, LLC, now known:
as WELLS FARGO SECURITIES,              :
                                        :
                        Defendant.      :
----------------------------------------:
```

USDC SDNY
DOCUMENT
ELECTRONICALLY
DATE: 10/23/2013

```
NATIONAL CREDIT UNION ADMINISTRATION    :
BOARD, as Liquidating Agent of          :
Southwest Corporate Federal Credit      :
Union and Members United Corporate      :
Federal Credit Union,                   :
                                        :         13 Civ. 6721 (DLC)
                        Plaintiff,      :
             -v-                        :
                                        :
GOLDMAN, SACHS & CO., and GS MORTGAGE   :
SECURITIES CORP.,                       :
                        Defendants.     :
                                        :
----------------------------------------:
                                        :
NATIONAL CREDIT UNION ADMINISTRATION    :
BOARD, as Liquidating Agent of          :
Southwest Corporate Federal Credit      :
Union and Members United Corporate      :
Federal Credit Union,                   :
                        Plaintiff,      :
             -v-                        :         13 Civ. 6726 (DLC)
                                        :
RBS SECURITIES, INC., formerly known    :
as Greenwich Capital Markets, Inc. and  :
RBS ACCEPTANCE, INC., formerly known    :
as Greenwich Capital Acceptance, Inc.,  :
                                        :
                        Defendants.     :
                                        :
----------------------------------------:
                                        :
NATIONAL CREDIT UNION ADMINISTRATION    :
BOARD, as Liquidating Agent of          :
Southwest Corporate Federal Credit      :
Union and Members United Corporate      :         13 Civ. 6727 (DLC)
Federal Credit Union,                   :
                                        :
                        Plaintiff,      :
             -v-                        :
                                        :
BARCLAYS CAPITAL, INC.,                 :
                                        :
                        Defendant.      :
                                        :
                                        :
                                        :
----------------------------------------:
```

```
NATIONAL CREDIT UNION ADMINISTRATION    :
BOARD, as Liquidating Agent of          :
Southwest Corporate Federal Credit      :
Union and Members United Corporate      :
Federal Credit Union,                   :
                                        :    13 Civ. 6730 (DLC)
                        Plaintiff,      :
            -v-                         :
                                        :
RESIDENTIAL FUNDING SECURITIES, LLC,    :
now known as Ally Securities, LLC,      :
                                        :
                        Defendant.      :
                                        :
----------------------------------------:
                                        :
                                        :
NATIONAL CREDIT UNION ADMINISTRATION    :
BOARD, as Liquidating Agent of          :
Southwest Corporate Federal Credit      :
Union and Members United Corporate      :
Federal Credit Union,                   :
                                        :
                        Plaintiff,      :    13 Civ. 6731 (DLC)
            -v-                         :
                                        :
UBS SECURITIES, LLC,                    :
                                        :
                        Defendant.      :
----------------------------------------:
                                        :
NATIONAL CREDIT UNION ADMINISTRATION    :
BOARD, as Liquidating Agent of          :
Southwest Corporate Federal Credit      :
Union and Members United Corporate      :
Federal Credit Union,                   :
                                        :
                        Plaintiff,      :    13 Civ. 6736 (DLC)
            -v-                         :
                                        :
CREDIT SUISSE SECURITIES (USA) LLC and  :
CREDIT SUISSE FIRST BOSTON MORTGAGE     :
SECURITIES CORP.,                       :
                        Defendants.     :
                                        :
---------------------------------------X
```

DENISE COTE, District Judge

By letter of October 9, 2013, plaintiff National Credit Union Administration Board ("NCUA") requests that one of these nine actions -- the one brought against lead defendant Morgan Stanley & Co. ("Morgan Stanley") -- be designated the lead case for purposes of briefing any motion to dismiss. For the following reasons, the application is granted.

Background

On September 23, 2013, NCUA filed nine actions in this district bringing claims under the Securities Act of 1933 and Illinois and Texas statutes against New York banks and others. These actions arise out of the purchase of residential mortgage-backed securities ("RMBS") by two credit unions located in Illinois and Texas for whom NCUA is serving as liquidating agent.

There is no dispute by the parties that the nine actions are related and should be assigned to one judicial officer. The Assignment Committee of this Court decided that the cases should be assigned to this Court.[1] The RMBS litigation filed by the Federal Housing Finance Agency ("FHFA") against New York banks and others is currently assigned to this Court.

Beginning on October 1, this Court issued scheduling orders setting an initial conference date of November 14 in all nine actions.[2] Through Orders beginning on October 8, the defendants in seven of the actions have been required to answer or otherwise respond to the NCUA complaints by November 13, 2013.[3]

---

[1] The Honorable Miriam Cedarbaum was also consulted regarding the assignment of one of the nine actions, NCUA v. Goldman, Sachs & Co. et al., 13 Civ. 6721.

[2] One of the actions was subsequently stayed pending settlement discussions: NCUA v. Residential Funding Securities, LLC, n/k/a Ally Securities LLC, 13 Civ. 6730.

[3] The defendants in 13 Civ. 6707 have been granted as well an extension until 30 days after any decision on a motion to transfer, so long as the motion is filed prior to November 1, 2013.

The two exceptions are the Residential Funding Securities action, which is stayed, and the Morgan Stanley action. The answer in the Morgan Stanley action was due October 15. No answer was filed on that date. Morgan Stanley is apparently relying on the resolution of this application by NCUA to extend its time to answer. In a letter of October 22, 2013, the defendants in the Goldman Sachs action seek a schedule for briefing a motion to compel arbitration.

Discussion

In a letter of October 9, the NCUA requests that this Court adopt the practice it utilized in the FHFA litigation, designate the action with the lowest docket number as the lead case, and promptly adjudicate any motion to dismiss in that action.[4] The first filed action is brought against Morgan Stanley and bears the docket number 13 Civ. 6705.

NCUA contends that resolving the issues in the lead case will substantially reduce the burden of briefing on NCUA and the defendants in the other actions since it will resolve many common issues. The Morgan Stanley action pleads claims under all three of the statutes on which the claims in the nine actions rely: the Securities Act, and the Texas and Illinois blue sky laws.

---

[4] The FHFA suite of cases, filed in 2011, involves 17 actions. One was transferred as related to ongoing bankruptcy proceedings. Each of the remaining sixteen actions pleads claims under the Securities Act of 1933; six of the actions also include fraud claims. The defendants were given an opportunity to designate two actions in which to bring the first wave of motions to dismiss, an action with and one without a fraud claim. They chose to bring one motion to dismiss only, and to bring it in an action that did not include fraud claims. After that motion to dismiss was largely denied, discovery began in all of the actions, and the remaining motions to dismiss were briefed and resolved. Fact discovery closes in December 2013, with a few exceptions. Trials are scheduled to occur in tranches beginning in June 2014.

In a letter of October 17, Morgan Stanley, writing on behalf of all defendants in the eight active actions, opposes the NCUA application as premature. While the defendants other than Morgan Stanley take no position on whether the Morgan Stanley action should be designated the lead case, the defendants jointly contend that any briefing on a motion to dismiss should await a decision by the Judicial Panel on Multidistrict Litigation (the "JPML") on the application of the defendants to transfer their actions to the District of Kansas.[5] Morgan Stanley has attached to its letter the October 11 motion to the JPML. Besides addressing the merits of that transfer motion, Morgan Stanley argues that differences in the law of the Second and Tenth Circuits that "may exist . . . might" require briefing of any motion to dismiss twice if the JPML transfers the actions. Writing only for itself, Morgan Stanley objects to being chosen as the lead case since, while it was the first to be sued here, it was the last defendant to be sued in Kansas. In a letter of October 22, NCUA continues to argue for the designation of the Morgan Stanley case as the lead case.

The Court declines to comment on the merits of the application before the JPML, with one exception. The defendants suggest that the relative congestion of the dockets in the two districts and the assignments currently before this Court raise concern about whether this Court has the resources available to manage the NCUA litigation. The defendants need not be concerned on that score. There is no docket congestion before this Court. If the NCUA cases are litigated in this district before this Court they will be addressed promptly and efficiently.

NCUA has shown that its application should be granted. It will assist all of the parties in these nine actions to begin the briefing of any motions to dismiss promptly and to designate one the nine actions as the action in which that should occur. Speculation about inter-circuit law anomalies is not a sufficient reason to justify delay. Moreover, conflict of law

---

[5] The defendants in the Goldman Sachs action have not yet joined the JPML petition because they seek first to litigate before this Court whether their action should be stayed pending arbitration.

principles will require any court addressing the Illinois and Texas statutes to look at the law of those jurisdictions.

It is also noteworthy that the defendants do not raise any objection to the designation of a lead case among these nine actions for purposes of briefing a motion to dismiss. In making that designation, there does not appear to be any reason not to select Morgan Stanley as the lead action. Since claims arising from all three of the statutes at issue in these nine actions are present in the Morgan Stanley action, prompt resolution of a motion to dismiss those claims will be of assistance to all defendants. Accordingly, it is hereby

ORDERED that the defendants in 13 Civ. 6705 must answer or otherwise respond to the complaint by November 13, 2013.

IT IS FURTHER ORDERED that the time to answer in each of the other seven actions is stayed pending further order of this Court.

IT IS FURTHER ORDERED that the motion by Goldman, Sachs & Co. et al. in 13 Civ. 6721 to compel arbitration shall be filed by November 13, 2013.

IT IS FURTHER ORDERED that the conference of November 14, 2013 will proceed as scheduled in all actions except 13 Civ. 6730.

SO ORDERED:

Dated:   New York, New York
         October 23, 2013

_____
DENISE COTE
United States District Judge