## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 5, 2014

By ECF

The Honorable Denise L. Cote,
    United States District Court for the Southern District of New York,
        Daniel Patrick Moynihan Courthouse,
            500 Pearl Street,
                New York, New York 10007.

                Re:    *National Credit Union Administration Board* v. *Goldman, Sachs & Co. et al.*, No. 13-cv-6721

Dear Judge Cote:

        I write on behalf of defendants Goldman, Sachs & Co. and GS Mortgage Securities Corp. (together, "Goldman Sachs") pursuant to Rule 2.C of the Court's Individual Rules to seek an informal conference with the Court concerning Goldman Sachs's request to stay all proceedings in the above-captioned action, including discovery, until the Second Circuit has decided Goldman Sachs's pending appeal of the Court's January 28, 2014 Order denying its motion to compel arbitration.

        In considering whether an action should be stayed pending appeal, courts in this District consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Sutherland* v. *Ernst & Young LLP*, 856 F. Supp. 638, 643 (S.D.N.Y. 2012) (quoting *Nken* v. *Holder*, 556 U.S. 418, 426 (2009), and staying all proceedings during pendency of appeal of order denying motion to compel arbitration). Here, these factors counsel in favor of a stay until the Second Circuit's decision.

        Goldman Sachs believes that it has a strong chance of success on appeal, although the party seeking a stay is *not* required under the first factor to demonstrate that it "is 'more likely than not' to succeed on the merits." *Citigroup Global Mkts., Inc.* v. *VCG Special Opportunities Master Fund*, 598 F.3d 30, 37 & n.7 (2d Cir. 2010). If that were the case, no district court would ever grant a stay. Instead, district courts "remain[] confident in the soundness" of their opinions even when they stay proceedings during the pendency of appeals. *Jock* v. *Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010). Here, Goldman Sachs's appeal raises an issue of first

The Honorable Denise L. Cote                                                                                               -2-

impression in the Second Circuit—whether NCUA's authority to repudiate "burdensome" contracts extends to purely procedural arbitration provisions and can be timely exercised three years after NCUA's appointment as liquidator—which itself satisfies the first factor. *See, e.g., Jock*, 738 F. Supp. 2d at 447.

With respect to the second and third factors, the express terms of its agreement with NCUA's predecessor, Southwest Corporate Federal Credit Union ("Southwest"), entitle Goldman Sachs to adjudicate these claims in a streamlined arbitration proceeding, in which discovery is "more limited than and different from court proceedings." (¶ 10 (Docket No. 35).) Should Goldman Sachs be forced to litigate in this forum and the Second Circuit subsequently reverses, Goldman Sachs will have been subjected to the burdens and costs of expensive litigation in the meantime. *See Zaborowski* v. *MNH Gov't Servs., Inc.*, 2013 WL 1832638, at *2 (N.D. Cal. 2013) ("Generally, monetary expenses incurred in litigation are not considered irreparable harm. However, arbitration is unique in this aspect."). Indeed, NCUA has already demanded in this action that Goldman Sachs search the e-mail files of at least 25 custodians, an unusually large number in any forum for a dispute involving three RMBS securities, but particularly so in an arbitration, which is "generally assumed to be a speedier and less expensive alternative compared to civil litigation in the courts." *Sutherland*, 856 F. Supp. 2d at 643. In contrast, the only plausible "harm" to NCUA is delayed resolution of its claims, which is insufficient. *See Sutherland*, 856 F. Supp. 2d at 643. Notably, NCUA waited until one day short of three years from its appointment as Southwest's conservator to bring these claims, thus delaying adjudication of its claim far longer than Goldman Sachs's appeal will take.

Finally, "there is a strong public interest favoring arbitration." *Mendez* v. *Skymax Dominica, S.A.*, 2011 WL 6413608, at *1 (S.D.N.Y. Dec. 13, 2011) (Cote, J.) (applying fourth *Nken* factor in favor of party seeking arbitration). A stay also promotes judicial economy because the Second Circuit's decision may remove this case from federal court entirely. *See Sutherland*, 856 F. Supp. 2d at 644 ("[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary.").

Goldman Sachs has met and conferred with NCUA's counsel on March 5, 2014; NCUA opposes the requested relief.

Respectfully submitted,

*Richard H. Klapper*
Richard H. Klapper

cc: All counsel of record (by ECF)