| | |
|---|---|
| New York | Paris |
| Menlo Park | Madrid |
| Washington DC | Tokyo |
| São Paulo | Beijing |
| London | Hong Kong |

# Davis Polk

**James P. Rouhandeh**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4835 tel
212 701 5835 fax
rouhandeh@davispolk.com

April 4, 2014

Re:  NCUA v. Morgan Stanley & Co., No. 13-cv-6705
 NCUA v. Wachovia Capital Markets LLC, No. 13-cv-6719
 NCUA v. RBS Securities, LLC, No. 13-cv-6726
 NCUA v. Barclays Capital Inc., No. 13-cv-6727
 NCUA v. UBS Securities, LLC, No. 13-cv-6731
 NCUA v. Credit Suisse Securities (USA) LLC, No. 13-cv-6736
 NCUA v. Goldman, Sachs & Co., No. 13-cv-6721

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Cote:

We write on behalf of defendants in the above-captioned actions ("defendants") as directed by Your Honor at the April 2, 2014 conference, to address loan file re-underwriting procedures.[1]

The centerpiece of NCUA's case is that there were allegedly "systematic" departures from underwriting guidelines in the origination of the mortgage loans backing the securitizations at issue. Based on experience in similar cases, defendants anticipate that NCUA will attempt to prove this allegation principally by arguing that (i) the relevant underwriting guidelines required certain types of documents to be kept in "loan files" associated with the loans, and (ii) the alleged absence of such documents from versions of the loan files that can be located and reconstituted today demonstrates deviations from the relevant guidelines at the time of origination.

Putting aside whether a document's absence from a loan file located in 2014 (after it has changed hands several times either as part of the securitization process or in the more than six

---

[1] For the reasons stated below, the RBS Defendants assert that no "loan reunderwriting" proposal is workable at this point in the litigation. The RBS Defendants did not originate any of the loans at issue in any of these cases. As such, the RBS Defendants will have no foundation upon which to stipulate that any loan file is complete, or that any of the underwriting guidelines that NCUA"s experts select are the applicable underwriting guidelines. Rather, this case should proceed like all litigations proceed. The plaintiff can conduct discovery to obtain the evidence it believes it needs to support its case. Defendants should be free to challenge the completeness of that evidence, if appropriate. As for experts, the plaintiff can serve its expert reports within the time set to do so, and the defendants are free to then challenge any aspect of those expert reports that defendants feel is appropriate. NCUA's proposal would have the defendants' experts involved in rebutting NCUA's experts' reports, before NCUA's expert actually issued those reports.

years since then) can establish a material departure from underwriting guidelines – particularly where the document has no bearing on a borrower's creditworthiness and/or there are indications in the loan file that the contents of the purportedly missing document were known to and considered by the originator – NCUA faces significant problems of proof in pursuing this theory. As prior experience has shown, the available loan files as they exist today often do not reflect the files as they existed years ago at the time of origination. Thus, the absence of documents from produced loan files does not necessarily imply that such documents were omitted from the loan files at the time of origination. In addition, what constitutes the "loan file" may depend upon the loan program under which the loan was originated.

Defendants agree that the parties should work cooperatively to attempt to obtain the relevant loan origination documents that may have been included in a loan file as it existed at the time of origination. However, defendants believe that NCUA's proposal overlooks the significant practical difficulties that exist in obtaining loan origination documents today, and making value judgments about the completeness and relevance of those documents. Specifically, defendants are concerned that NCUA's proposal seeks to require defendants to accept particular versions of loan files as complete, or to accept particular versions of guidelines as applicable to a set of loans, based on NCUA's retrospective review of some guidelines and whatever loan origination documents can be located. Moreover, NCUA's proposal for seeking and obtaining stipulations from defendants appears to be an effort by NCUA to gain a tactical advantage, by which it may attempt to foreclose defendants' right to challenge the sufficiency of the evidence collected by NCUA to support its allegations. Defendants cannot agree that NCUA can shift the risk of loan file incompleteness or uncertainty about loan guideline applicability to defendants, when that risk is an inherent part of NCUA's burden of proof.

      A.      <u>Timing of Initial Productions and Stipulations</u>. NCUA proposes a two-tiered approach, under which defendants first produce loan files and guidelines within their possession, custody, or control, and then – before issuing additional subpoenas to third parties – enter into stipulations regarding the accuracy, completeness, and applicability of the documents defendants have produced, without the benefit of the more complete record that will exist after loan files and guidelines are obtained from third parties. Based on defendants' experience in other litigations, this proposal is unworkable. The process of collecting the "loan file" and "applicable" guidelines is a fluid process that may require document collection from many entities.[2] Defendants are willing to conduct an initial and accelerated search – in advance of other document production – for centrally-located loan files and/or guidelines potentially relevant to the Sampled Loans identified by NCUA. But NCUA's artificial "tiered" approach seeks to cut off prematurely the parties' ability to seek the original loan files from the relevant entities involved with origination and securitization of the mortgages at issue, including the mortgage originators, servicers, trustees and/or custodians (generally non-parties to this litigation).[3]

Moreover, the time periods proposed by NCUA for defendants to identify and produce any relevant loan files and guidelines are highly unrealistic. Defendants will make productions on a rolling basis as quickly as reasonably possible, but based on past experience, to the extent a

---

[2] Indeed, NCUA has already issued subpoenas to dozens of third parties seeking loan files and guidelines. As this shows, the collection of loan files and guidelines from parties and non-parties is inextricably intertwined.

[3] Defendants also object to NCUA's proposal that each defendant must (i) certify whether a sampled loan file or corresponding guidelines were ever in its possession, custody, or control; (ii) if they were, but no longer are today, list the reasons why that is so; and (iii) identify who the defendant believes currently possesses the loan file and corresponding guidelines. That proposal is unreasonable and exceedingly burdensome.

The Honorable Denise L. Cote            3            April 4, 2014

defendant has any loan files, it will likely require several months to produce at least certain categories of centralized loan file documents, which may be warehoused, difficult to locate, and require manual scanning before they can be produced.[4]

      B.      <u>Deadline for Third-Party Discovery</u>. NCUA seeks to impose an interim (and extremely premature) deadline of June 30, 2014 for serving third-party discovery seeking loan files and guidelines. As noted above, this arbitrary cutoff would serve only to truncate and frustrate the process of obtaining as complete a record as possible. Based on past experience, the process of seeking loan files and guidelines is inherently iterative and requires continuing flexibility to serve additional third-party discovery as needed. Defendants therefore propose that there be no early cut-off for seeking loan files and guidelines from third parties.

      C.      <u>Stipulations as to Potentially Applicable Guidelines</u>. Defendants are concerned that NCUA is seeking to shift to defendants the burden of analyzing in the first instance whether particular sets of guidelines are applicable to particular loan files, even though NCUA bears the burden on that issue. Such analyses are often complex and highly uncertain. Based on prior experience, defendants are concerned that NCUA will propose guidelines based on little or no analysis at all, and leave it to defendants to perform the necessary analysis to identify the "correct" guidelines in rebuttal. Defendants are willing to evaluate and respond to NCUA's proposals regarding the potential applicability of certain guidelines to particular loans that NCUA intends to rely on to support its claims, but such responses should not require defendants to engage in analyses than NCUA is not willing to perform itself. Absent at this stage any indication of the process (if any) NCUA intends to conduct to support its proposals regarding "applicable" underwriting guidelines, defendants do not believe that any stipulations regarding underwriting guidelines are appropriate. However, defendants are willing as a compromise to inform NCUA if it is aware of guidelines other than those proposed by NCUA relating to the relevant originator that are dated before and closer in time to the relevant origination dates, without representing that a comparison of dates is sufficient to determine loan guideline applicability.[5]

      D.      <u>Seeking Additional Documents in Response to Re-Underwriting Reports</u>. As discussed above, NCUA's proposal improperly attempts to "lock in" defendants to stipulations regarding the completeness of loan files and the potential applicability of underwriting guidelines, and seeks to do so <u>before</u> defendants have received NCUA's re-underwriting reports. As noted above, defendants expect that NCUA's experts may claim that numerous loans exhibit underwriting guideline deficiencies merely because the loan files as reconstituted in the course of discovery lack certain documents not in the "loan file" located in 2014. To the extent NCUA is going to claim that the absence of these or other documents from produced loan files is evidence of a material departure from underwriting guidelines – which will be unknown to defendants until they see NCUA's expert reports – defendants must be permitted to respond to those allegations by seeking purportedly missing documents or other evidence reasonably necessary to rebut NCUA's allegations. As noted, defendants will cooperate in good faith with NCUA to identify the most accurate and complete loan files and guidelines possible before the close of fact discovery, but cannot be expected to waive defenses against arguments that NCUA may ultimately seek to make regarding alleged guideline deviations.

---

[4] To the extent relevant securitizations (and Sampled Loans) here overlap with securitizations (and sampled loans) at issue in other litigations and defendants have collected and produced loan files for the overlapping loans in those other actions, defendants will endeavor to produce those documents as soon as practicable.

[5] Defendants' proposed re-underwriting protocol would also permit any defendant to conduct other analyses that it deems warranted to identify the guidelines applicable to each sampled loan.

The Honorable Denise L. Cote 4 April 4, 2014

Very truly yours,

James P. Rouhandeh

Cc: Counsel of Record (via ECF)

    The Honorable John W. Lungstrum
    The Honorable James P. O'Hara
    United States District Court for the District of Kansas
    500 State Avenue, Suite 517
    Kansas City, KS 66101

        Re: *NCUA v. RBS & Wachovia*, Nos. 12-cv-2340 & 11-cv-2649
            *NCUA v. Credit Suisse Securities (USA) LLC*, No. 12-cv-2648
            *NCUA v. UBS Securities, LLC*, No. 12-cv-2591
            *NCUA v. Morgan Stanley & Co.*, No. 13-cv-2418

    The Honorable George H. Wu
    United States District Court for the Central District of California
    312 North Spring Street
    Los Angeles, CA 90012-4701

        Re: *NCUA v. Goldman, Sachs & Co.*, No. 11-cv-6521
            *NCUA v. RBS Securities, LLC*, No. 11-cv-5887

    John W. Shaw, Esq.

<u>Electronic Filing</u>