KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3209

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

May 30, 2014

*Via Hand Delivery and E-Mail*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

  Re: *NCUA v. Goldman, Sachs & Co.*, No. 13-6721 (S.D.N.Y.)
     *NCUA v. Goldman, Sachs & Co.*, No. 11-6521 (C.D. Cal.)

Judges Cote, Lungstrum, Wu, O'Hara
May 30, 2014
Page 2

Dear Judges Cote, Lungstrum, Wu, and O'Hara:

Pursuant to the Court's May 6 and May 19 Orders (ECF Nos. 106, 112), the National Credit Union Administration Board in its capacity as liquidating agent for certain credit unions ("NCUA") writes to report on the parties' negotiations regarding Goldman's search protocol in the above-captioned cases. NCUA and Goldman are at an impasse regarding which of Goldman's custodians should be searched during the post-closing period, and the initial list of Goldman's custodians.

**Post-Closing Searches.** NCUA has requested that Goldman search the documents of its custodians for some period after the closing date for the RMBS at issue in these cases, which were sold to the credit unions by mid-2007. There is no dispute that such "post-closing" documents are relevant because they evidence: (i) Goldman's knowledge of the performance of the RMBS and the quality of the underlying mortgage loans (including ratings downgrades, defaults, and delinquencies), (ii) Goldman's recognition of poor underwriting practices as the RMBS plummeted in value, (iii) Goldman's recognition of risks created by such practices, and (iv) Goldman's efforts to make repurchase demands on the original sellers of the loans that Goldman securitized into its RMBS, which evidence Goldman's knowledge that such securitized loans were defective. *See* Oct. 15, 2012 Hearing Tr. 70:1-4, *FHFA v. UBS Americas Inc.*, No. 11-5201 (S.D.N.Y.) ("FHFA 10/15/12 Tr."). Other parties in these related actions have agreed to provide post-closing materials for all or most of their custodians. For example, NCUA has agreed to search all credit union custodians through the date of conservatorship (either March 20, 2009 or September 24, 2010); RBS has been ordered to search all custodians through December 31, 2009; Barclays is searching over three-fourths of its custodians through December 31, 2009; Credit Suisse and Morgan Stanley are searching approximately two-thirds of their custodians through December 31, 2009.

NCUA has offered to limit post-closing searches to a subset of Goldman's custodians if Goldman represented that particular custodians had no relevant information during the post-closing period. *See* FHFA 10/15/12 Tr. 70:5-7 (placing the burden on Defendants to justify forgoing post-closing searches). Goldman has rejected that offer and will agree to conduct post-closing searches for only 4 of its custodians. Goldman has represented that 8 additional custodians will not have relevant information during the post-closing period. For the remaining 25 custodians from whom Goldman agrees to produce documents (as set forth below, this initial set is disputed), Goldman insists on an arbitrary cut-off date of September 28, 2007, despite acknowledging that these individuals may have relevant post-closing information. NCUA respectfully requests that Goldman be required to conduct post-closing searches through December 31, 2009 for these 25 custodians in its initial search protocol (as well as the other custodians set forth below, unless Goldman is able to represent that they would have no relevant post-closing information).[1]

**Custodians.** On May 6, 2014, the Court ordered Goldman to identify "the individuals who were involved in the eight functions identified in NCUA's letter of April 18," which included due

---

[1] Goldman has argued that only senior-level employees should be subject to post-closing searches, citing Judge Cote's decision in *FHFA*. There, Judge Cote held that there were "appropriate ground[s] for post-closing discovery" from certain senior employees, and noted without deciding that "[o]ne could argue [either] way" whether junior-level people should be included. *See* FHFA 10/15/12 Tr. 70:1-4, 70:22-71:7. Judge Cote did not rule that relevant information from post-closing documents should be withheld simply because it was maintained by non-"senior-level" employees. In any event, this Court has addressed the issue and ruled that RBS must search *all* custodians through December 31, 2009. *See* ECF No. 106. Goldman provides no justification for a different result.

diligence and repurchase matters. ECF No. 106 at 3. In letters dated May 9th, May 15th, and May 16th, Goldman provided facially incomplete information. For instance, Goldman failed to disclose several "transaction managers" who were responsible for conducting loan-level due diligence for the RMBS at issue. When NCUA raised these concerns, the parties requested a two-week extension until May 30, 2014 to allow Goldman to provide supplemental information, which the Court granted. On May 28, 2014, Goldman provided a supplemental list, which also was facially incomplete; it continued to exclude, among others, relevant transaction managers. Notably, the supplemental list confirmed that numerous individuals performed relevant roles, despite Goldman's insistence for months that these same individuals were irrelevant.

By reviewing deposition transcripts produced by Goldman on May 16, 2014, NCUA identified 20 individuals that held highly relevant functions, such as transaction managers who performed due diligence on loans and individuals involved in Goldman's repurchase efforts. *See* Exhibit A. Goldman never before disclosed these individuals to NCUA as having been involved in the eight relevant functions, despite the Court's May 6 Order, and now refuses to designate them as custodians. With limited exceptions, Goldman does not dispute NCUA's descriptions of these individuals' responsibilities, or that they possess relevant information.[2] Rather, Goldman has speculated that these individuals' documents will be duplicative of the documents of already designated custodians, and claimed that searching these individuals' files will be unduly burdensome. But most of these individuals (12 of 20) have been custodians in other cases, minimizing any claim of undue burden, and duplicative documents can be culled from Goldman's production using automated discovery tools.[3] Adding the individuals identified by NCUA will result in a total of 57 initial Goldman document custodians. Goldman has maintained that number is simply too high, but it is a direct product of the size, scale, and profitability of Goldman's RMBS operations during the relevant period of time. By comparison, RBS has designated 72 initial document custodians; Morgan Stanley 56; and UBS 63.[4] Accordingly, NCUA respectfully requests that Goldman be required to designate the individuals in Exhibit A as document custodians.

---

[2] Goldman has claimed that several senior individuals at the Managing Director level would not have relevant information because they did not have day-to-day involvement in the securitizations at issue. This argument is inconsistent with Goldman's argument that *only* senior individuals need to be searched for post-closing documents. Contrary to Goldman's claims, these senior employees supervised the individuals who had day-to-day involvement, and were responsible for significant decisions regarding RMBS; it is hard to see how they could not have any relevant information. The Court previously rejected Goldman's refusal to add ▓▓▓▓, who headed the Mortgages Department, as a custodian, *see* ECF No. 106, and Goldman provides no reason for a different result here. Goldman also has disputed whether ▓▓▓▓▓▓▓▓▓▓▓▓ have relevant documents. ▓▓▓▓ supervised the trading of Alt-A loans, which are at issue in these cases; ▓▓▓▓ was the head of the Mortgages Department ▓▓▓▓ predecessor) until fall of 2006; and ▓▓▓▓ headed Goldman's mortgage conduit program through which Goldman purchased numerous loans at issue in these cases.

[3] *See Jackson v. Edwards*, 2000 WL 782947, at *3 (S.D.N.Y. June 16, 2000) ("[C]onclusory assertion[s] of burdensomeness [are] entitled to no weight whatsoever."); *Cris v. Fareri*, 2011 WL 4433961, at *1 (D. Conn. Sept. 22, 2011) (rejecting assertion of burden where party "submitted no affidavits or other evidentiary material describing the time, resources or costs that would be incurred in order to comply").

[4] Goldman has represented that its current searches of 37 custodians yield 1.4 million unique documents for review; many presumably will be withheld following review for privilege and responsiveness. That amount is far from excessive for a case of this magnitude. *See FHFA v. RBS*, No. 11-1383, ECF No. 206-1 at 4 n.4 (D. Conn. Oct. 4, 2013) (Merrill Lynch *produced* 4 million documents in the FHFA litigation).

Judges Cote, Lungstrum, Wu, O'Hara
May 30, 2014
Page 4

Respectfully submitted,

/s/  David C. Frederick

| | |
|---|---|
| David C. Frederick | David H. Wollmuth |
| Wan J. Kim | Frederick R. Kessler |
| Gregory G. Rapawy | Steven S. Fitzgerald |
| Andrew C. Shen | Ryan A. Kane |
| KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C. | WOLLMUTH MAHER & DEUTSCH LLP |
| Sumner Square | 500 Fifth Avenue, 12th Floor |
| 1615 M Street, N.W., Suite 400 | New York, NY 10110 |
| Washington, D.C. 20036 | Tel:  (212) 382-3300 |
| Tel:  (202) 326-7900 | Fax:  (212) 382-0050 |
| Fax:  (202) 326-7999 | dwollmuth@wmd-law.com |
| dfrederick@khhte.com | fkessler@wmd-law.com |
| wkim@khhte.com | sfitzgerald@wmd-law.com |
| grapawy@khhte.com | rkane@wmd-law.com |
| ashen@khhte.com | |
| | Stephen M. Tillery |
| George A. Zelcs | Greg G. Gutzler |
| KOREIN TILLERY LLC | Robert L. King |
| 205 North Michigan Avenue, Suite 1950 | KOREIN TILLERY LLC |
| Chicago, IL 60601 | 505 North Seventh Street, Suite 3600 |
| Tel:  (312) 641-9750 | St. Louis, MO 63101 |
| Fax:  (312) 641-9751 | Tel:  (314) 241-4844 |
| gzelcs@koreintillery.com | Fax:  (314) 241-3525 |
| | stillery@koreintillery.com |
| | ggutzler@koreintillery.com |
| | rking@koreintillery.com |

*Attorneys for Plaintiff National Credit Union Administration Board*

cc:     Counsel of Record (via e-mail)

   Re:    *NCUA v. Goldman, Sachs & Co.*, No. 13-6721 (S.D.N.Y.)
          *NCUA v. Goldman, Sachs & Co.*, No. 11-6521 (C.D. Cal.)