KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3209

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

March 16, 2015

*Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

      Re:    *NCUA v. Goldman, Sachs & Co.*, No. 13-6705 (S.D.N.Y.)
               *NCUA v. Goldman, Sachs & Co.*, No. 11-6521 (C.D. Cal.)

Judges Cote, Lungstrum, Wu, and O'Hara
March 16, 2015
Page 2

Dear Judges Cote, Lungstrum, Wu, and O'Hara:

   The National Credit Union Administration Board, as liquidating agent ("NCUA"), respectfully moves to compel Goldman to produce deposition transcripts from two cases involving RMBS issues relevant to these coordinated actions. NCUA has met and conferred on numerous occasions with Goldman to discuss this issue, and the parties have reached an impasse.

   From public sources, NCUA has learned of several RMBS-related litigation matters involving Goldman for which it has not produced any deposition transcripts or even identified all of the deponents. These cases typically involve collateralized debt obligations ("CDOs") that are backed by RMBS certificates.[1] Two such cases are *Dodona I, LLC v. Goldman, Sachs & Co.*, No. 10-7497 (S.D.N.Y.), and *Basis Yield Alpha Fund v. Goldman Sachs Group, Inc.*, No. 652996/2011 (N.Y. Sup. Ct.). In *Dodona I*, plaintiffs allege that Goldman knew it was "selling toxic assets" because of its "role as an underwriter [of RMBS] and more generally through [its] performance of due diligence and reliance on Clayton" with respect to loans that it securitized. 847 F. Supp. 2d 624, 631-32, 641, 643 (S.D.N.Y. 2012). The plaintiffs further allege that Goldman "intentionally selected [reference] RMBS which would perform poorly," *id.* at 641, and one of the RMBS used as reference collateral in *Dodona I* is also at issue in NCUA's suit against Goldman (FFMLT 2006-FF4). *Basis Yield* concerns allegations that Goldman sold mortgage-backed securities that it knew were "junk"; that it had "constructed a number of new CDO offerings in early 2007 based on securities Goldman deliberately selected for their poor quality and likely failure – many from its own inventory"; and that Goldman knew of "the deteriorating credit quality of subprime mortgages" because of "its role as an underwriter and because of what the mortgage investigations conducted on its behalf (Clayton report) revealed." *Basis Yield Alpha Fund (Master) v. Goldman Sachs Group, Inc.*, 115 A.D.3d 128, 131, 136, 139 (N.Y. App. Div. Jan. 30, 2014) (quotation marks omitted).

   NCUA requested that Goldman produce deposition transcripts from these cases, as well as similar RMBS-related matters of which NCUA was unaware. These transcripts are relevant. *Dodona I* and *Basis Yield* both concern allegations that Goldman became aware through its due diligence processes that it was securitizing defective mortgage loans into RMBS. The central issues in this case are likewise whether Goldman securitized defective mortgage loans into RMBS and whether its due diligence processes were reasonable. Notably, *Dodona I* involves one of the same RMBS at issue in NCUA's litigation. Goldman has objected that these transcripts are irrelevant but has demonstrated no burden or prejudice associated with the production of these transcripts, other than the minimal burden of complying with the protective orders that may exist in its other litigation.

   After numerous attempts at resolving these matters, Goldman has offered to produce only deposition transcripts from *Dodona I* and *Basis Yield* of individuals who are also designated as custodians here. There are five such transcripts from *Dodona I* and three from *Basis Yield*. Goldman

---

[1] Goldman has taken the position that CDO actions are not covered by the requirement in § 10(d) of the Master Discovery Protocol ("MDP"), to produce deposition transcripts "from any and all RMBS matters." *NCUA v. Morgan Stanley & Co.*, No. 13-6705, ECF No. 101 (S.D.N.Y. Apr. 9, 2014). Regardless of whether that position is correct, there is no dispute that NCUA's document requests encompass such materials. *See, e.g.*, Document Request #75 (seeking "[a]ny transcribed . . . statement . . . , including associated exhibits, provided to any private or public litigants . . . concerning your underwriting of RMBS").

Judges Cote, Lungstrum, Wu, and O'Hara
March 16, 2015
Page 3

has refused to identify any other deponents from *Dodona I* or *Basis Yield*, or deponents from any other similar RMBS-related litigation. Goldman also has conditioned its offer to produce the eight *Dodona I* and *Basis Yield* transcripts on NCUA agreeing not to seek any additional deposition transcripts from any other RMBS-related litigation. *See* Ex. A, at 2 (3/12/15 Email from D. Dorris to M. Geiger).

Goldman's objections of irrelevance cannot be squared with its insistence that NCUA produce transcripts from far less relevant matters, including the *NCUA v. Siravo* litigation[2] and the *United States v. S&P* litigation.[3] NCUA agreed to produce such transcripts to all Defendants months ago, yet Goldman has resisted producing far more relevant transcripts. Nor is there any basis for Goldman to condition its production of a subset of *Dodona I* and *Basis Yield* transcripts on a commitment that NCUA will never request another transcript from Goldman. NCUA turned this question around to Goldman, asking whether Goldman would similarly agree to not seek any additional transcripts from NCUA because they would be irrelevant. Goldman refused, stating that it "cannot agree that a transcript is irrelevant when its contents are completely unknown." Ex. A, at 6 (2/13/15 Email from L. Gizzi to D. Dorris). It is puzzling that Goldman insists NCUA must agree to do the opposite.

NCUA respectfully submits that Goldman should be required to produce the eight *Dodona I* and *Basis Yield* transcripts that it has offered to produce without the condition Goldman has demanded; to identify the other deponents in those cases; and to identify other CDO cases involving any of the RMBS in these coordinated actions.

---

[2] *Siravo* was an action brought by NCUA as liquidating agent against certain former officers and directors of WesCorp alleging breach of fiduciary duty, negligence, fraud, and unjust enrichment, arising from amendments to the Supplemental Executive Retention Plan for certain executives, and from the high concentration of RMBS in WesCorp's investment portfolio. In May 2014, Defendants (including Goldman) requested deposition transcripts from the *Siravo* case, and did not limit that request to custodians in these coordinated actions. NCUA offered to produce those transcripts if Defendants agreed to modify the definition of "RMBS matters" in § 10(d) of the MDP to include such materials (and similar materials from Defendants). Defendants did not respond to that proposal, but then RBS sought to compel those transcripts, asserting their relevance to these proceedings. The Courts denied that motion. *NCUA v. Morgan Stanley & Co.*, No. 13-6705, ECF No. 198, at 4 (S.D.N.Y. Sept. 23, 2014). NCUA agreed to produce the *Siravo* transcripts after Defendants stipulated that they would be treated as having been produced pursuant to § 10(d) of the MDP, *see* Ex. B, and requested similarly relevant deposition transcripts from Defendants.

[3] *S&P* was an action brought by the Department of Justice against S&P for fraud in its ratings of RMBS and CDOs.

Judges Cote, Lungstrum, Wu, and O'Hara
March 16, 2015
Page 4

Respectfully submitted,

/s/  David C. Frederick

| | |
|---|---|
| David C. Frederick | Stephen M. Tillery |
| Wan J. Kim | Greg G. Gutzler |
| Gregory G. Rapawy | Robert L. King |
| Andrew C. Shen | Korein Tillery LLC |
| Daniel V. Dorris | 505 North Seventh Street, Suite 3600 |
| KELLOGG, HUBER, HANSEN, TODD, | St. Louis, MO 63101 |
|   EVANS & FIGEL, P.L.L.C. | Tel:  (314) 241-4844 |
| Sumner Square | Fax:  (314) 241-3525 |
| 1615 M Street, N.W., Suite 400 | stillery@koreintillery.com |
| Washington, D.C. 20036 | ggutzler@koreintillery.com |
| Tel:  (202) 326-7900 | rking@koreintillery.com |
| Fax:  (202) 326-7999 | |
| dfrederick@khhte.com | David H. Wollmuth |
| wkim@khhte.com | Frederick R. Kessler |
| grapawy@khhte.com | Steven S. Fitzgerald |
| ashen@khhte.com | Ryan A. Kane |
| ddorris@khhte.com | WOLLMUTH MAHER & DEUTSCH LLP |
| | 500 Fifth Avenue, 12th Floor |
| George A. Zelcs | New York, NY 10110 |
| KOREIN TILLERY LLC | Tel:  (212) 382-3300 |
| 205 North Michigan Avenue, Suite 1950 | Fax:  (212) 382-0050 |
| Chicago, IL 60601 | dwollmuth@wmd-law.com |
| Tel:  (312) 641-9750 | fkessler@wmd-law.com |
| Fax:  (312) 641-9751 | sfitzgerald@wmd-law.com |
| gzelcs@koreintillery.com | rkane@wmd-law.com |

*Attorneys for Plaintiff National Credit Union Administration Board*

cc:     Counsel of Record (via ECF or Email)