# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 18, 2015

By ECF

The Honorable Denise L. Cote,
   United States District Court for the Southern District of New York,
     Daniel Patrick Moynihan U.S. Courthouse,
       500 Pearl Street,
         New York, New York 10007

The Honorable George H. Wu,
   United States District Court for the Central District of California,
     312 North Spring Street,
       Los Angeles, California 90012.

The Honorable John W. Lungstrum,
   United States District Court for the District of Kansas,
     500 State Avenue, Suite 517,
       Kansas City, Kansas 66101.

The Honorable James P. O'Hara,
   United States District Court for the District of Kansas,
     500 State Avenue, Suite 517,
       Kansas City, Kansas 66101.

      Re: *National Credit Union Administration Board* v. *Goldman, Sachs & Co. et al.*, No. 13-cv-6721 (S.D.N.Y.) ("New York Action");
          *National Credit Union Administration Board* v. *Goldman, Sachs & Co. et al.*, No. 11-cv-6521 (C.D. Cal.) ("California Action"; <u>collectively with the New York Action, the "Actions")</u>

Dear Judges Cote, Wu, Lungstrum and O'Hara:

I write on behalf of defendants Goldman, Sachs & Co. and GS Mortgage Securities Corp. (collectively, "Goldman Sachs") in response to NCUA's needless and premature letter motion to compel.  Without conceding that they are either relevant or called for by the Master Discovery Protocol ("MDP") or NCUA's document requests, Goldman Sachs offered to produce the eight deposition transcripts of custodians in these Actions who were previously deposed in two unrelated litigations pertaining to collateralized debt obligations ("CDOs")—*Dodona I, LLC* v. *Goldman, Sachs & Co.* and *Basis Yield Alpha Fund* v. *Goldman Sachs Group, Inc.*[1]  NCUA, however, requests that in addition to producing the eight transcripts, Goldman Sachs identify (i) all other deponents in those CDO litigations, and (ii) all other CDO litigations involving any of the RMBS in these Actions.  In order to obviate any burden on the Courts, Goldman Sachs has now produced the eight transcripts.  NCUA's additional demands should be denied for several reasons.

*First*, transcripts from CDO litigations are irrelevant to the issues in these RMBS Actions, and thus there is no reason to identify CDO litigations or transcripts of employees deposed in CDO litigations.  NCUA does not identify any RMBS certificates at issue in these Actions that were reference obligations of the CDOs at issue in *Basis Yield*.  As to *Dodona*, NCUA justifies its request by noting that the CDOs at issue in *Dodona* referenced two certificates of FFMLT 2006-FF4, although neither of those certificates is at issue here.  Those two certificates were among the 80 subprime RMBS certificates that comprised the four ABX indices backing the *Dodona* CDOs.  Similar to indices for equities, the ABX indices enabled investors to obtain exposure to the market as a whole.  The fact that two FFMLT 2006-FF4 certificates were among the 80 RMBS referenced in the four ABX indices backing the *Dodona* CDOs does not make litigations involving those CDOs any more relevant to the claims at issue here than the inclusion of IBM shares among the 500 stocks included in the S&P 500 index would make a litigation involving the S&P 500 index relevant to the claims in a litigation brought by investors

---

[1] The reason Goldman Sachs had not previously produced those eight deposition transcripts was that NCUA had conditioned its acceptance of Goldman Sachs' proposal on Goldman Sachs agreeing that (i) it would "not seek any additional deposition transcripts of NCUA or former credit unions" and (ii) any additional deposition transcripts of NCUA produced to other defendants in these Actions will be "irrelevant and unusable for any purpose in the Goldman cases." (Emails between NCUA and Goldman Sachs, Exh. 1 at 5.)  NCUA made this demand even though it had represented to Goldman Sachs that it "is not aware of any pending or likely future CDO cases involving the credit unions where depositions may occur." (*Id.*)  NCUA did not include that condition in its letter to the Court.

specifically in IBM stock.  Indeed, none of the eight CDO transcripts that Goldman Sachs has already produced discusses due diligence on loans securitized in any RMBS.[2]

*Second*, and unsurprisingly, the Master Discovery Protocol ("MDP") does not require production of transcripts from CDO litigations, which eliminates any need to identify CDO litigations or deponents.  Paragraph 10(d) of the MDP provides that "[a]ll parties shall produce the transcripts of testimony and affidavits/affirmations, including all exhibits, from any and all *RMBS matters*" (emphasis added).  Conceding that the definition of RMBS matters does not include CDO litigations, NCUA, after the close of document discovery, unilaterally proposed "expanding the definition of 'RMBS matter' in the Master Discovery Protocol to include cases involving CDOs"  (Exh. 1 at 25), a proposal that defendants rejected.  Because NCUA did not serve any document request for production of transcripts from CDO litigations and only made its informal request for transcripts from CDO litigations *after* the close of fact discovery and *after* the Court's November 21, 2014 Order requiring parties seeking additional documents to "explain[] why the request is timely and could not have been made earlier," NCUA attempts to shoehorn this request into its pre-existing Document Request 75, which sought "[any] transcribed . . . statement . . . provided to any private or public litigants . . . concerning your underwriting of RMBS."  (Letter n. 1.)

*Finally*, Goldman Sachs has already produced more than 130 transcripts from RMBS matters (and has agreed to produce eight CDO transcripts), while NCUA has produced no transcripts from RMBS matters and only nine deposition transcripts of credit union employees and agents from two actions—*NCUA* v. *Siravo* and *United States* v. *S&P*.  RBS moved to compel production of the *Siravo* transcripts, and after further meet and confers, NCUA ultimately agreed to produce the transcripts under the condition that they would be treated as if taken in these Actions and that the parties endeavor not to subject witnesses to the same questioning.  NCUA voluntarily agreed to produce the *S&P* transcripts to resolve a third-party subpoena that RBS served on S&P. (E-mail from Andrew Shen to David Horowitz, Exh. 2 at 1.)

For the foregoing reasons, and because Goldman Sachs has already produced the eight transcripts of the custodians in these Actions, Goldman Sachs respectfully requests that this Court deny NCUA's broader requests with respect to transcripts from CDO litigations.

---

[2]  For the overwhelming majority (approximately 86%) of the RMBS referenced in the CDOs at issue in *Dodona*, Goldman Sachs was neither the sponsor nor the underwriter and hence performed no due diligence on those RMBS.  *Basis Yield* involved CDOs referencing other CDOs, which were even further removed from the underlying RMBS.

        Respectfully submitted,

        <u>/s/ Richard H. Klapper</u>

        Richard H. Klapper

cc:    All counsel of record (by ECF)