**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

May 12, 2015

By ECF

The Honorable Denise L. Cote,
    United States District Court for the Southern District of New York,
        Daniel Patrick Moynihan U.S. Courthouse,
            500 Pearl Street,
                New York, New York 10007

The Honorable George H. Wu,
    United States District Court for the Central District of California,
        312 North Spring Street,
            Los Angeles, California 90012.

The Honorable John W. Lungstrum,
    United States District Court for the District of Kansas,
        500 State Avenue, Suite 517,
            Kansas City, Kansas 66101.

The Honorable James P. O'Hara,
    United States District Court for the District of Kansas,
        500 State Avenue, Suite 517,
            Kansas City, Kansas 66101.

        Re: *National Credit Union Administration Board* v. *Morgan Stanley & Co.*,
            No. 13-cv-6705 (S.D.N.Y.);
            *National Credit Union Administration Board* v. *Goldman, Sachs &*
            *Co. et al.*, No. 13-cv-6721 (S.D.N.Y.) ("New York Action");
            *National Credit Union Administration Board* v. *Goldman, Sachs &*
            *Co. et al.*, No. 11-cv-6521 (C.D. Cal.) ("California Action";
            collectively with the New York Action, the "Actions")

Dear Judges Cote, Wu, Lungstrum and O'Hara:

Judges Cote, Wu, Lungstrum and O'Hara                                                                                        -2-

      I write on behalf of defendants Goldman, Sachs & Co. and GS Mortgage Securities Corp. (collectively, "Goldman Sachs") in response to NCUA's letter requesting that Goldman Sachs be ordered to re-produce Brian O'Brien for an additional 1.5 hours of deposition testimony ("Letter Request"). No relief is required at this time for the resumption of Mr. O'Brien's deposition: he is returning voluntarily to complete his deposition.[1] The Courts' guidance would be helpful, however, in addressing NCUA's duplicative questioning, in violation of Section 10(d) of the Master Discovery Protocol ("MDP").[2]

      Section 10(d) of the MDP provides in relevant part that "[t]he parties shall endeavor to not subject witnesses to the same questioning for which a transcript was previously provided." That provision does not address the appropriate response to such duplicative questioning, including whether and when an instruction not to answer is appropriate. Here, Mr. O'Brien had been deposed for three full days in two prior actions. NCUA nonetheless asked Mr. O'Brien questions virtually identical, or substantially similar, to lines of questioning about which Mr. O'Brien had previously testified. For example, NCUA asked Mr. O'Brien questions regarding six exhibits about which he had testified previously (four of which he testified previously he did not recall[3]) and five

---

[1]    After seeking in its Letter Request an additional 1.5 hours of questioning of Mr. O'Brien, NCUA subsequently asked that Mr. O'Brien appear for three additional hours. NCUA also requested that Mr. O'Brien appear in Washington, D.C. Goldman Sachs had agreed to make Mr. O'Brien available in New York for a continued two hour deposition, and will do so on a mutually convenient date when NCUA's counsel is scheduled to be in New York. Goldman Sachs has no intention of disrupting or delaying the completion of his deposition.

[2]    NCUA filed its Letter Request only four hours after the parties received the final transcript of Mr. O'Brien's deposition and without having met and conferred with Goldman Sachs. Goldman Sachs initiated a meet and confer yesterday, the morning of the first business day after delivery of the final transcript of Mr. O'Brien's deposition and NCUA's Letter Request, and proposed to resolve the matter without the need for Court intervention. During that call, NCUA agreed to draft a stipulation to address the parties' conduct at the resumption of Mr. O' Brien's deposition, and we provided comments last night to assure that the stipulation was mutual in nature. NCUA declined to negotiate a mutual stipulation, instead proposing only a stipulation that imposed one-way constraints on Goldman Sachs without curtailing the duplicative questioning that precipitated the Letter Request's complaint.

[3]    *See, e.g.*, O'Brien Tr. at 332:17-333:5, 357:4-23 (Exh. A to NCUA Letter Request).

Judges Cote, Wu, Lungstrum and O'Hara                                                                -3-

exhibits that were portions of email chains about which Mr. O'Brien had previously testified.  The threshold issue is thus whether NCUA has complied with its responsibility to "endeavor" not to subject Mr. O'Brien to the "same questioning for which a transcript was previously provided," and appropriate relief to ensure that such duplicative questioning does not continue at the resumed deposition.  Consistent with Section 10(d), NCUA should at most be permitted to inform the witness that the exhibit is one that he or she testified about previously, and then ask questions about that exhibit that do not duplicate questions the witness was asked previously.

   The second issue is how such duplicative questioning should be addressed during the course of the deposition, including whether an instruction not to answer is appropriate.  NCUA's Letter Request takes the position that violations of Section 10(d) should have no effective remedy during the deposition itself.  Instructions not to answer, however, are appropriate "to enforce [Section 10(d)'s] limitation ordered by the Court," Fed. R. Civ. P. 30(c)(2), subject to the requirement that any such instructions should not be used to "delay or disrupt depositions."  Goldman Sachs has no intention of disrupting any deposition, but the Courts' guidance as to instructions not to answer would be helpful in the event that similar duplicative questioning recurs.

   For the foregoing reasons, Goldman Sachs respectfully requests that this Court direct NCUA to endeavor to comply with Section 10(d) by avoiding additional duplicative questioning during the continued deposition of Brian O'Brien, and provide guidance on the appropriateness of instructions not to answer should NCUA's duplicative questioning continue.

                       Respectfully submitted,

                        /s/ Richard H. Klapper

                        Richard H. Klapper

cc: All counsel of record (by ECF)