```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION     :
BOARD, etc.,                             :
                           Plaintiff,    :      13cv6721 (DLC)
              -v-                        :      13cv6727 (DLC)
                                         :
GOLDMAN, SACHS & CO., et al.,            :      OPINION & ORDER
                                         :
                           Defendants.   :
                                         :
 And other NCUA Actions.                 :
----------------------------------------X
```
DENISE COTE, District Judge:

NCUA and Barclays Capital, Inc. ("Barclays") have reached settlement in NCUA v. Barclays Capital, Inc., No. 12cv2631 (D. Kan.) and NCUA v. Barclays Capital, Inc., No. 13cv6727 (S.D.N.Y.).  On November 2, 2015, NCUA and Barclays jointly moved for the entry of an order barring claims by other defendants in this coordinated litigation and others against Barclays for contribution or indemnification in connection with two certificates (the "Overlapping Certificates") which are included in the settlement and which are also at issue in NCUA v. RBS Securities, Inc., No. 11cv2340 (D. Kan.) (the "RBS Kansas Action") and NCUA v. Goldman, Sachs & Co., No. 11cv6521 (C.D. Cal.) (the "Goldman Sachs California Action").  Both RBS Securities, Inc. ("RBS") and Goldman, Sachs & Co. ("Goldman") opposed the proposed bar order on November 13; the motion was fully submitted on November 20.

The bar order jointly proposed by NCUA and Barclays provides that NCUA

> shall provide any Non-Settling Defendant against which it obtains a judgment on claims related to the Overlapping Securities a judgment credit in an amount that is the greater of a) the amount of Plaintiff's settlement with Barclays Capital in the Settled Actions allocated to the Overlapping Securities . . . or b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of Barclays Capital's fault as proven at trial.

The portion of the total settlement amount allocated to the Overlapping Certificates in the Barclays settlement with NCUA is recorded in a "Confidential Schedule."  The bar order requires the Confidential Schedule to be kept under seal unless and until a court of competent jurisdiction finds "good cause" to order it disclosed.

RBS's opposition to the proposed bar order is narrow.  RBS does not oppose entry of an order barring contribution and indemnification, but does seek immediate disclosure of the Confidential Schedule.  RBS argues that a prior discovery agreement between RBS and NCUA requires the disclosure.  NCUA disagrees that any such agreement exists, but both NCUA and Barclays consent to amendment of the proposed order to permit disclosure of the allocation information regarding the Overlapping Certificates at the time a pretrial order is filed in an action brought by NCUA against either RBS or Goldman in

this coordinated litigation.  That amendment to the proposed order is approved.

Goldman opposes entry of the order until it can review the settlement allocation information in the Confidential Schedule. Goldman contends the order may violate its rights unless the allocation is "fair and reasonable."

Orders barring claims of non-settling defendants for contribution or indemnification are an "integral part" of settlement.  FDIC v. Geldermann, Inc., 975 F.2d 695, 698 (10th Cir. 1992); see also Denney v. Deutsche Bank AG, 443 F.3d 253, 273 (2d Cir. 2006); In re Masters Mates & Pilots Pension Plan & IRAP Litig., 957 F.2d 1020, 1031 (2d Cir. 1992).  Bar orders provide the settling defendant with the "peace of mind" it seeks.  Denney, 443 F.3d at 273 (citation omitted).  Where there is joint liability among multiple defendants, courts reviewing bar orders must "ensure that the only claims that are extinguished are claims where the injury is the non-settling defendants' liability to the plaintiffs."  Gerber v. MTC Elec. Techs. Co., 329 F.3d 297, 307 (2d. Cir. 2003); see In re Heritage Bond Litig., 546 F.3d 667, 679 (9th Cir. 2008); Aks v. Southgate Trust Co., No. Civ. A. 92-2193-JWL, 1992 WL 401708, at *13 (D. Kan. Dec. 24, 1992); cf. TBG, Inc. v. Bendis, 36 F.3d 916, 928 (10th Cir. 1994).  Moreover, a court must ensure that non-settling defendants "are not held responsible for any

damages for which the settling defendants are proven liable." Gerber, 329 F.3d at 306.  This can be achieved through a capped proportionate share provision in the bar order.  Id.; see also Aks, 1992 WL 401708, at *13.  Accordingly, "no . . . fairness hearing is necessary" prior to entry of a bar order if "the non-settling defendants' credit will be the greater of the proportionate fault or the settlement amount."  Gerber, 329 F.3d at 306; accord In re Greektown Holdings, LLC, 728 F.3d 567, 576 n.7 (6th Cir. 2013); see also Franklin v. Kaypro Corp., 884 F.2d 1222, 1231 (9th Cir. 1989).

    The proposed bar order provides that the judgment credit for the non-settling defendants, including Goldman, will be "the greater of [] the amount of Plaintiff's settlement . . . allocated to the Overlapping Securities . . . or . . . the proportionate share of Barclays Capital's fault as proven at trial."  The provision provides the non-settling defendants with all of the protection to which they are entitled.  Goldman's opposition to the bar order on the ground that its fairness cannot yet be evaluated is therefore denied.

    Goldman's reliance on selected passages from In re WorldCom, Inc. Sec. Litig., No. 02cv3288 (DLC), 2005 WL 591189, at *9 (S.D.N.Y. Mar. 14, 2005), does not affect this conclusion.  Those passages discussed whether the uncollectable share of a judgment could be factored into a judgment credit.  Id.  This

4

theoretical discussion has no application to NCUA's claims against the defendants in this coordinated litigation.

## CONCLUSION

NCUA and Barclays's application of November 2, 2015, for a bar order in connection with their settlement is approved. By December 8, 2015, they shall submit an amended order allowing disclosure of the pertinent allocation information at the time a pretrial order is filed in an affected NCUA action.

Dated:   New York, New York
         December 4, 2015

                                   _____
                                           DENISE COTE
                                   United States District Judge