IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Southwest Corporate FederalCredit Union and Members United Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>vs.<br><br>BARCLAYS CAPITAL INC.,<br><br>Defendants.<br><br>And other NCUA Actions. | Case No. 13-cv-6721 (DLC)<br>Case No. 13-cv-6727 (DLC)<br><br>et al. |

## [PROPOSED] CONTRIBUTION BAR ORDER

WHEREAS, the Court has been informed that Plaintiff National Credit Union Administration Board ("NCUA"), as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union, and Defendant Barclays Capital Inc. ("Barclays Capital") (together, the "Settling Parties") have reached a settlement and entered into a Settlement Agreement in connection with *National Credit Union Administration Board v. Barclays Capital Inc.*, No. 12-cv-2631 (JWL) (the "*Barclays Kansas* Action"), and *National Credit Union Administration Board v. Barclays Capital Inc.*, No .13-cv-6727 (DLC) (the "*Barclays SDNY* Action" and, together with the *Barclays Kansas* Action, the "Settled Actions"); and

WHEREAS, the *Barclays Kansas* Action asserted, among others, claims against Barclays Capital arising from U.S. Central's purchase of two securities, FHLT 2006-D M1 (CUSIP 35729VAF4) and FHLT 2006-D 2A4 (CUSIP 35729VAE7) (collectively, the "Overlapping Securities") ;

WHEREAS, *National Credit National Credit Union Administration Board v. RBS Securities, Inc.*, No. 11-cv-2340 (JWL/JPO) (D. Kan.) and *National Credit Union Administration Board v. Goldman, Sachs & Co.*, No. 11-cv-6521 (GW) (C.D. Cal.) (collectively, the "Other Actions"), also involve claims brought by NCUA against RBS Securities Inc. ("RBS"), Fremont Mortgage Securities Corp. ("Fremont"), and Goldman, Sachs & Co. ("Goldman Sachs") arising from U.S. Central's purchases of the Overlapping Securities;

WHEREAS, in the Settled Actions, the Settling Parties will move for entry of an order of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) dismissing all claims therein as against Barclays Capital with prejudice after the Court resolves the pending motion for contribution bar order;

WHEREAS, the Settling Parties have also moved the Court for an order barring claims by the non-settling defendants and any other alleged joint tortfeasors for contribution or indemnity arising from the Overlapping Securities; and

WHEREAS, for good cause shown, and upon due consideration of the Settling Parties' motion for entry of this Bar Order;

IT IS ORDERED that (a) RBS, Fremont, and Goldman Sachs, (b) any other person or entity later named as a defendant in the Other Actions, and (c) any other person or entity that becomes liable to Plaintiff, to any current non-settling defendant in the Other Actions, or to any other alleged tortfeasor, by reason of judgment or settlement, for any claims that are or could have

been asserted in the Other Actions relating to the Overlapping Securities (collectively, the "Non-Settling Defendants"), are hereby permanently BARRED, ENJOINED, and RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity, or otherwise) against Barclays Capital, its present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers, and directors of each of them, the present and former attorneys, accountants, insurers (but not affecting any obligation owed to Barclays Capital by any insurer), and agents of each of them, and the predecessors, heirs, successors, and assigns of each (collectively, the "Settling Defendant"), that seeks to recover from the Settling Defendant any part of any judgment entered against the Non-Settling Defendants and/or any settlement reached with any of the Non-Settling Defendants, in connection with any claims that are or could have been asserted against the Non-Settling Defendants that arise out of or relate to the Overlapping Securities, whether arising under state, federal, or foreign law as claims, cross- claims, counterclaims, or third-party claims, whether asserted in the Other Actions, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere;

IT IS FURTHER ORDERED that Barclays Capital is hereby permanently BARRED, ENJOINED, AND RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity, or otherwise) against any of the Non-Settling Defendants that seeks to recover any part of the settlement payment to be made by Barclays Capital to Plaintiff in connection with the settlement of the Settled Actions, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States;

IT IS FURTHER ORDERED that the Plaintiff shall provide any Non-Settling Defendant against which it obtains a judgment on claims related to the Overlapping Securities a judgment credit in an amount that is the greater of (a) the amount of Plaintiff's settlement with Barclays Capital in the Settled Actions allocated to the Overlapping Securities, as reflected on the confidential schedule attached to the Settling Parties' settlement agreement as Confidential Exhibit D (the "Confidential Schedule"), or (b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of Barclays Capital's fault as proven at trial;

IT IS FURTHER ORDERED that the Confidential Schedule shall not be disclosed to any person other than to a court of competent jurisdiction and necessary court personnel, except that (a) NCUA and/or Barclays Capital shall disclose the Confidential Schedule upon order of a court of competent jurisdiction finding good cause for such disclosure, and (b) at the time a pretrial order is issued in any action in which NCUA asserts claims based on the Overlapping Securities, NCUA shall disclose the information in the Confidential Schedule pertaining to the Overlapping Securities to any Non-Settling Defendant against whom NCUA asserts such claims.

Dated: _____December 8_____, 2015

_____
Hon. Denise L. Cote
United States District Judge